**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

ROBERT W. NUNAMANN, JR.,

Plaintiff,

v. CIVIL ACTION NO. 5:26-cv-00266

SGT. GARY EPLING, *individually and in his official capacity*, and LT. R. L. TALLY, JR., *individually and in his official capacity*, and CAPT. M. WEBB, *individually and in his official capacity*, and MAGISTRATE JOHN HUMPHREY, *individually*, and JOHN DOE DEPUTIES 1-6, *names currently unknown, individually and in their official capacities*, and RALEIGH COUNTY SHERIFF'S DEPARTMENT,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Robert W. Nunamann, Jr.'s Objections [ECF 42, 45] to the Proposed Findings and Recommendation ("PF&R") entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on June 3, 2026. [ECF 29].

**I.**

This action was previously referred to Magistrate Judge Aboulhosn for submission of a PF&R. Magistrate Judge Aboulhosn filed his PF&R [ECF 29] on June 3, 2026, in which he addressed Defendant Magistrate John Humphrey's Motion to Dismiss and Mr. Nunamann's response thereto. Magistrate Judge Aboulhosn recommended the Court grant Magistrate Humphrey's Motion to Dismiss with prejudice on the basis of judicial immunity and refer the

matter anew for further proceedings as to the remaining Defendants. Mr. Nunamann timely objected to the PF&R on August 10, 2026, and September 8, 2026. [ECF 42, 45].

**II.**

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection . . . is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotations omitted); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

A court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). When assessing *pro se* objections, a court must "liberally construe [the] objections while maintaining constitutional limitations on a magistrate's authority." *Elijah v. Dunbar,* 66 F.4th 454, 461 (4th Cir. 2023).

**III.**

Though filed as "objections" to the PF&R, Mr. Nunamann does not contest the Magistrate Judge's conclusion that Magistrate Humphrey is entitled to judicial immunity, warranting his dismissal. Indeed, Mr. Nunamann "concedes that Defendant Magistrate John

Humphrey is entitled to judicial immunity and voluntary dismisses [him] WITH PREJUDICE." [ECF 42 at 1 (emphasis in original); *see also* ECF 45 at 1]. Rather, the bulk of Mr. Nunamann's objections contain assertions respecting his claims against the remaining Defendants. [*See, e.g.*, ECF 45 at 2 (asserting "[q]ualified immunity cannot shield officers who seize property without a valid warrant and under known false pretenses.")]. He specifically requests the Court (1) adopt the PF&R only insofar as it recommends dismissal of Magistrate Humphrey, and (2) affirm that his claims against the remaining Defendants "remain active, pending, and fully intact." [ECF 45 at 3].

Magistrate Judge Aboulhosn's PF&R only addressed Mr. Nunamann's claims as asserted against Magistrate Humphrey given that he was the only Defendant who moved for dismissal. Mr. Nunamann is thus correct that his claims against the remaining Defendants remain pending. The PF&R did not suggest otherwise. The merit and disposition of Mr. Nunamann's outstanding claims against the remaining Defendants will be addressed in due course. Inasmuch as Mr. Nunamann does not contest Magistrate Humphrey's dismissal, there is no actionable error present.

Accordingly, the Court **OVERRULES** Mr. Nunamann's objections [**ECF 42, 45**], **GRANTS** Magistrate Humphrey's Motion to Dismiss [**ECF 17**] **WITH PREJUDICE**, and **REFERS** the matter anew to Magistrate Judge Aboulhosn for further proceedings as to the remaining Defendants.

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: November 3, 2026

Frank W. Volk
Chief United States District Judge